**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**GLENN GOSS and MOLLY GOSS**                                              **PLAINTIFFS**

**V.**                                                              **NO. 4:19-CV-85-DMB-JMV**

**ALLSTATE VEHICLE & PROPERTY**
**INSURANCE COMPANY**                                                       **DEFENDANT**

**ORDER**

On May 29, 2019, Glenn Goss and Molly Goss filed a complaint in the United States District Court for the Northern District of Mississippi against Allstate Vehicle & Property Insurance Company. Doc. #1. The complaint asserts a claim for breach of contract and a claim for bad faith, each premised in part on allegations of fraud by Allstate regarding its denial of a fire loss claim on the Gosses' residence. *Id.* at 6–10. The Gosses seek compensatory damages, "extra-contractual consequential damages," and punitive damages. *See id.* at 10–11.

On July 12, 2019, Allstate, pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] filed a motion to dismiss the claims "for fraud, bad faith, punitive damages, and extra-contractual damages, such that the only remaining count remaining [sic] will be the claim for a breach of contract." Doc. #6. The Gosses did not respond to the motion to dismiss.

The Local Rules of this Court prohibit the granting of a dispositive motion on the ground of non-opposition. L.U. Civ. R. 7(b)(3)(E). However, "[c]ourts have consistently held that inadequate briefing results in a waiver of a party's arguments." *TGIP, Inc. v. AT & T Corp.*, 512 F. Supp. 2d 696, 712 (E.D. Tex. 2007) (collecting cases). Thus, where a plaintiff fails to

---

[1] The motion itself does not refer to Rule 12(b)(6). *See* Doc. #6. However, the memorandum accompanying the motion does. *See* Doc. #7 at 6 n.6.

adequately respond to a motion to dismiss targeting specific claims, the failure amounts to a waiver "regarding the viability" of the claims as pled. *Ronaldo Designer Jewelry, Inc. v. Cox*, No. 1:17-cv-2, 2018 WL 1370610, at *2 (N.D. Miss. Mar. 16, 2018). In such circumstances, it is proper to grant the motion to dismiss, not as unopposed, but on the ground that arguments regarding the adequacy of the claims at issue are waived. *Id*. Such a dismissal should be without prejudice. *Id*.

Because the Gosses failed to respond to Allstate's motion seeking dismissal of the bad faith claim, dismissal without prejudice of this claim is warranted on the ground of waiver. Similarly, while it is unclear whether the Gosses intended to assert a freestanding fraud claim, to the extent they do, such claim must also be dismissed without prejudice. However, by its terms, a Rule 12(b)(6) motion only targets a "failure to state a claim upon which relief can be granted." And, "[b]ecause a demand for relief is not part of a plaintiff's statement of the claim, the nature of the relief sought is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted." *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 621, 631 (W.D. Va. 2014) (cleaned up). Thus, a party "may not move 'to dismiss' a damages demand." *MI Windows & Doors, LLC v. Liberty Mut. Fire Ins. Co.*, 123 F. Supp. 3d 1332, 1342 (M.D. Fla. 2015).[2] Consistent with this rule, Allstate's motion will be denied to the extent it seeks dismissal of the specific demands for punitive damages and extra-contractual damages, which are not "claims" in any sense.

---

[2] *See also In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Prods. Liab. Litig.*, 401 F. Supp. 3d 538, 563 (D. Md. 2019) ("A claim for punitive damages is derivative and therefore survives if the plaintiffs' underlying claims that support it survive.") (cleaned up); *Thompson v. Harrie*, 404 F. Supp. 3d 1233, 1240 (D.S.D. 2019) ("Punitive damages are a form of relief and not a 'claim' that is subject to a Rule 12(b)(6) motion."); *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. 2012) ("[W]hether [punitive] damages are recoverable is not a proper subject for adjudication in a Rule 12(b)(6) motion, as the prayer for relief is not a part of the cause of action."). *But see Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386, 399 (D.R.I. 1998) (concluding without analysis that entitlement to punitive damages "is more appropriately resolved by the motion to dismiss for failure to state a claim upon which relief can be granted"); *Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1021 (N.D. Cal. 2009) (same).

In sum, the motion to dismiss [6] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks dismissal of the bad faith claim and a claim for fraud, to the extent one is asserted. Such claims are DISMISSED without prejudice. The motion is DENIED in all other respects.

**SO ORDERED**, this 3rd day of January, 2020.

<u>**/s/Debra M. Brown**</u>
**UNITED STATES DISTRICT JUDGE**